FILED
United States Court of Appeals
Tenth Circuit

December 13, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AGUSTIN BARRAZA-RAMIREZ,

Defendant - Appellant.

No. 07-2080

(D. New Mexico)

(D.C. No. CR-06-2451 JP)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Augustin Barraza-Ramirez pleaded guilty to a one-count information

charging him with illegal reentry of a deported alien. *See* 8 U.S.C. § 1326(a).

The district court sentenced him to 24 months' imprisonment, followed by three

years of supervised release. On appeal Mr. Barraza-Ramirez's counsel filed an

*Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386

U.S. 738 (1967). We received no response from Mr. Barraza-Ramirez. Because

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we discern no meritorious issues for appeal, we grant the motion to withdraw and dismiss the appeal.

A United States Border Patrol agent apprehended Mr. Barraza-Ramirez in Animas, New Mexico, in October 2006. He admitted that he was a Mexican citizen illegally in the United States. On November 30, 2006, he pleaded guilty to a one-count information without the benefit of a plea agreement. Because Mr. Barraza-Ramirez had previously been convicted of an aggravated felony (possession with intent to distribute 100 kilograms or more of marijuana, *see* 21 U.S.C. § 841(b)(1)(B)) he faced a possible prison sentence of up to 20 years under 8 U.S.C. § 1326(b)(2). *See Almendares-Torres v. United States.*, 523 U.S. 224, 226 (1998); *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005).

Under the advisory United States Sentencing Guidelines, Mr. Barraza-Ramirez's conviction carried a base offense level of 8. *See* USSG § 2L1.2(a). Because he had been deported following a conviction for a drug-trafficking offense for which the sentence imposed was 13 months or less, the Guidelines required a 12-level enhancement. *See id.* at § 2L1.2(b)(1)(B). After a 3-level reduction for acceptance of responsibility, his final offense level was 17. With a criminal-history category of III, his Guidelines sentencing range was 30 to 37 months' imprisonment.

Mr. Barraza-Ramirez did not challenge any aspect of the presentence report, which included the Guidelines-range calculation and information about his

background, family, and other potentially relevant factors. The district court therefore adopted the report's factual findings. At the sentencing hearing Mr. Barraza-Ramirez requested that his sentence be calculated based on an offense level of 15, the level he would have received had he accepted the government's fast-track plea offer. The government did not object to this request, and the court sentenced him to 24 months' imprisonment, at the bottom of the sentencing range for an offense level of 15 and criminal-history category of III. The court noted that although not a Guidelines sentence, the sentence would comply with the statutory requirement of being:

> sufficient but not greater than necessary to comply with the purposes set forth in the statute, which include the nature and circumstances of the offense and history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

R. Vol. III at 8.

Under the Supreme Court's decision in *Anders*, a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then

conduct a full examination of the record to determine whether
defendant's claims are wholly frivolous. If the court concludes after
such an examination that the appeal is frivolous, it may grant
counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citations omitted).

An appeal in this case would be meritorious only if the guilty plea were not

voluntary or if the sentence were unreasonable. After conducting an independent

examination of the record, we agree with counsel's conclusion that no

conceivably meritorious basis for appeal exists.

A valid guilty plea must be knowingly, intelligently, and voluntarily made.

*See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); *see also* Fed. R.

Crim. P. 11. The record indicates that the magistrate judge fulfilled the

requirements of Rule 11 and those announced in *Gigot* to ensure the validity of

the plea. The judge verified a factual basis for the plea; questioned the defendant

to confirm that he understood the charges against him; informed him of the

maximum possible penalty provided by law and of the consequences of the plea;

and otherwise ensured that the plea was freely, voluntarily, and intelligently

made. Mr. Barraza-Ramirez has failed to point to any evidence or argument that

would place the plea's validity in doubt, so any appeal challenging the plea would

be frivolous.

Nor is there any nonfrivolous ground for appealing the reasonableness of

Mr. Barraza-Ramirez's sentence. Although the district court imposed a sentence

outside the Guidelines, the variance was in Mr. Barraza-Ramirez's favor. A sentence within the Guidelines range would have been accorded a presumption of reasonableness. *See Rita v. United States*, 127 S.Ct. 2456, 2462–63 (2007). The court explained its decision to impose its decision with reference to the factors under 18 U.S.C. § 3553(a). In addition, when the court asked the parties if there was any reason why the proposed sentence should not be imposed, both parties replied that there was not. No colorable ground exists for appealing the length of the sentence.

We can discern no potentially meritorious ground for appeal of Mr. Barraza-Ramirez's conviction or sentence. We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge